**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 03-4946**

―――――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VINCENT MATTHEW CIARAVELLA,

Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Gerald Bruce Lee, District Judge.  (CR-03-307)

―――――――――――

Submitted:  June 23, 2004           Decided:  August 6, 2004

―――――――――――

Before MOTZ, TRAXLER, and KING, Circuit Judges.

―――――――――――

Affirmed by unpublished per curiam opinion.

―――――――――――

Frank W. Dunham, Jr., Federal Public Defender, Geremy C. Kamens, Nia Ayanna Vidal, Assistant Federal Public Defenders, Alexandria, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Michael J. Elston, Assistant United States Attorney, Elizabeth Olson, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Vincent Matthew Ciaravella appeals his conviction, following a conditional guilty plea, for possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced him to fifty-seven months of imprisonment, to be followed by a three-year term of supervised release. Finding no error, we affirm.

Ciaravella contends that the district court erred when it denied his motion to suppress the weapons found at his residence because the warrantless search of his home was not justified under the exigent circumstances exception to the warrant requirement. We review the district court's factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, we review the evidence in the light most favorable to the government. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

Police entered Ciaravella's home without a warrant to investigate a potential medical emergency and domestic dispute. Ciaravella concedes that police were justified by the circumstances in gaining initial entry into his home without a warrant. However, he maintains that the entry into his bedroom, where the firearms were found, was unnecessary to address the situation. We agree

with the district court's finding that police were justified in entering Ciaravella's bedroom to protect individuals inside the home and insure their own safety. See <u>Warden v. Hayden</u>, 387 U.S. 294, 298-99 (1967).

Accordingly, we affirm Ciaravella's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>